PAULETTE M. TALBOT, APPELLANT, V. DOUGLAS COUNTY,
NEBRASKA, A POLITICAL SUBDIVISION, APPELLEE.

544 N.W.2d 839

Filed March 15, 1996.   No. S-94-418.

Eric L. Klanderud, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

James S. Jansen, Douglas County Attorney, and Kristina B. Murphree for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Appellant, Paulette M. Talbot, was due a substantial sum of money from her former spouse in the form of delinquent child support and alimony. The Douglas County Office of Child Support Enforcement had been collecting current and delinquent support starting in 1987. Appellant learned her former spouse was to receive an inheritance. She asked an attorney, Michael Pace, in the Douglas County Office of Child Support Enforcement to enforce her rights against the inheritance, and Pace agreed to do so. Appellant further alleged that she relied on certain representations from Pace that he would represent her and that she, therefore, did not need to have another attorney. Later, it was determined the inheritance was paid before the attorney accomplished a court proceeding to attach the inheritance. Appellant brought suit against Douglas County under the Nebraska Political Subdivisions Tort Claims Act (Act), Neb. Rev. Stat. § 13-901 et seq. (Reissue 1991 & Cum. Supp. 1992), for damages she allegedly sustained as the result of the negligent actions of Pace. Subsequently, appellant sought leave to amend her petition to add Pace as a party defendant. The district court for Douglas County sustained a demurrer filed by Douglas County on the basis that the county was immune from suit under the doctrines of the discretionary function exemption and quasi-judicial immunity. The court held appellant's motion to add Pace as a defendant was moot and dismissed her petition without leave to amend. Appellant timely

appealed to the Nebraska Court of Appeals, and we removed the matter to our docket. We reverse the district court orders, sustaining the demurrer and denying appellant's motion to add a party defendant, and remand for further proceedings.

## BACKGROUND

With our standard of review for reviewing demurrers in mind, we accept as true the following facts alleged by appellant in her petition:

On January 2, 1980, the marriage of appellant and William Talbot III (Talbot) was dissolved by the district court for Douglas County. Talbot was ordered to pay child support and alimony to appellant.

Talbot became delinquent in making his support payments. In 1987, the Douglas County Office of Child Support Enforcement through its attorney, Pace, became involved in collecting current and delinquent payments from Talbot on behalf of appellant. Pace prepared and filed the necessary legal documents to pursue collection of the payments from Talbot. Pace continued to act to collect payments from Talbot through August 1992.

On October 30, 1991, Talbot's mother died, leaving Talbot heir to her estate. As of November 1990, Talbot owed appellant $19,800 in delinquent support. On November 18, 1991, appellant contacted Pace regarding the collection of child support and alimony from Talbot's share in the estate. Appellant alleges that Pace agreed to perform all legal work necessary to collect delinquent child support and alimony from the estate. Appellant alleges that Pace told her not to retain her own attorney.

Appellant alleges that she contacted Pace several times during the period of November 1991 to August 1992, requesting the status of her case. Each time, Pace assured appellant that he was taking the necessary actions to collect the delinquent payments from the estate.

In August 1992, Pace filed a petition for equitable garnishment on Talbot's share of the estate and also filed an application for a restraining order to prevent the personal representative from distributing Talbot's share. On August 13, 1992, the district court granted the restraining order.

Prior to the entry of the restraining order, the personal representative had already distributed Talbot's share of the estate to Talbot. Talbot received over $30,000.

For her cause of action, appellant alleges that Pace agreed to represent her in connection with collecting delinquent support payments from Talbot's share of the estate and that he was obligated to do so nonnegligently. Appellant avers that Pace was negligent in failing to diligently act to restrain the personal representative of the estate. As a direct and proximate result of Pace's negligence, appellant states she was damaged in the amount of $19,800.

Appellant alleges she filed a claim in accordance with the Act. Appellant states she filed her claim with the Douglas County clerk on March 16, 1993, and that the Douglas County Board of Commissioners denied her claim on June 15, 1993.

Appellant filed her amended petition on November 24, 1993, naming Douglas County as the sole respondent. On December 13, 1993, appellant filed a motion for leave to add Pace as a party defendant.

Douglas County filed a demurrer on December 14, 1993, on the grounds that (1) the court had no jurisdiction of the defendant or the subject of the action; (2) the appellant lacked legal capacity to sue; (3) there was a defect of parties, plaintiff or defendant; (4) several causes of action were improperly joined; and (5) the petition did not state facts sufficient to state a cause of action. Arguments were made on January 27, 1994, and the court took the matter under advisement.

On March 30, 1994, the district court entered an order sustaining Douglas County's demurrer and dismissing appellant's petition with prejudice. The basis of the district court's order was that Douglas County was immune to any liability because Pace's actions fell within the discretionary function exception to the Act and under the common–law doctrine of quasi–judicial immunity. The district court declared appellant's motion to add Pace as a party defendant moot.

Appellant timely appealed to the Court of Appeals. By order of this court, we removed the appeal to our docket.

## ASSIGNMENTS OF ERROR

Appellant asserts that the district court erred (1) in finding that Pace's actions were within the scope of the discretionary function exception of the Act; (2) in finding that Pace's actions fall within the common–law doctrine of quasi–judicial immunity; (3) in declaring the motion to add a party defendant moot; and (4) in sustaining Douglas County's demurrer.

## STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court is required to accept as true all the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995); *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995); *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995). An appellate court cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence that might be adduced at trial. *Vowers & Sons, Inc. v. Strasheim, supra*; *Proctor v. Minnesota Mut. Fire & Cas., supra*; *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994).

As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Seevers v. Potter, supra*; *George Rose & Sons v. Nebraska Dept. of Revenue*, 248 Neb. 92, 532 N.W.2d 18 (1995).

## ANALYSIS

### DISCRETIONARY FUNCTION EXEMPTION

The Act eliminates, in part, the traditional immunity of subdivisions for the negligent acts of their employees. *Koepf v. County of York*, 198 Neb. 67, 251 N.W.2d 866 (1977). However, political subdivisions retain their immunity against "[a]ny claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision, whether or not the discretion be abused."

§ 13–910(2). If Pace's alleged actions comprise the exercise of a discretionary function, then Douglas County would be immune from liability.

The discretionary function exemption in tort claims acts extends only to basic policy decisions and not to the exercise of discretionary acts at an operational level. *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993).

> [T]he discretionary function or duty exemption . . . extends only to the basic policy decisions made in governmental activity, and not to ministerial activities implementing such policy decisions. . . . In other words, the State is liable for negligence of its employees at the operational level, where there is no room for policy judgment.

*Wickersham v. State*, 218 Neb. 175, 180, 354 N.W.2d 134, 138–39 (1984).

In its order sustaining Douglas County's demurrer, the district court cited *Jasa v. Douglas County*, 244 Neb. 944, 510 N.W.2d 281 (1994). In that case, we extensively discussed the discretionary function exemption of the Act and analyzed previous Nebraska cases controlling the issue. Examples of discretionary functions discussed in *Jasa v. Douglas County* include the initiation of programs and activities, establishment of plans and schedules, and judgmental decisions within a broad regulatory framework lacking specific standards.

In *Hamilton v. City of Omaha, supra*, the plaintiff alleged that a police officer had acted negligently by failing to protect her after the officer had affirmatively assured her that he would do so. The city of Omaha demurred, in part, on the basis that the police officer's actions fell within the discretionary function exemption provided by § 13–910(2). We held that the police officer's actions in investigating plaintiff's complaint did not involve a basic policy decision which is immune from suit and that the officer's actions were properly characterized as the type of discretionary decisions exercised at an everyday level.

In *Koepf v. County of York, supra*, we held that the decision of a social worker to place a child in a particular foster home was not a basic policy decision precluding judicial inquiry into whether the decision was made negligently. Although the choice

of where to place the child and the determination of whether the foster home was safe was a matter entailing the exercise of some discretion, it was not a basic policy matter comprising a discretionary function exemption.

We cannot say that Douglas County possesses absolute immunity if the allegations contained in appellant's petition do not fall within the purview of the discretionary function exemption but are ministerial or operational activities.

Once Pace made the decision to attempt to collect the delinquent support from the estate, his actions moved from the possible province of policymaking and into the realm of operations. Having thus acted to implement that policy, Pace's conduct is operational and must be evaluated by the standard of reasonable care. When one under no obligation to act does undertake action, one must act with reasonable care. *Wickersham v. State, supra.*

### Quasi–Judicial Immunity

In its order sustaining Douglas County's demurrer, the district court cited *Jeffres v. Countryside Homes*, 214 Neb. 104, 333 N.W.2d 754 (1983), and *Koch v. Grimminger*, 192 Neb. 706, 223 N.W.2d 833 (1974). These two cases address and apply the general rule that public officers are immune from tort liability for an act or omission involving the exercise of a judicial function. The immunity extends beyond judges and may apply to prosecuting attorneys or to a clerk of the court. Restatement (Second) of Torts § 895D (1979).

In *Koch v. Grimminger*, 192 Neb. at 714, 223 N.W.2d at 837, we held that "a public prosecutor, acting within the general scope of his official authority in making a determination whether to file a criminal prosecution, is exercising a quasi–judicial and discretionary function and that where he acts in good faith he is immune from suit for an erroneous or negligent determination."

*Koch v. Grimminger* does not provide absolute immunity to public prosecutors, rather it provides immunity to prosecutors who are exercising a quasi–judicial function. Immunity attaches to a particular official function, not to particular offices.

*Forrester v. White*, 484 U.S. 219, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Factually, *Koch v. Grimminger, supra*, is distinguishable from the case before us. In *Koch v. Grimminger*, the plaintiff alleged that a prosecutor intentionally and recklessly filed a criminal charge against him resulting in his false arrest and imprisonment. That is a quasi-judicial function. In the present case, appellant alleges that a county attorney chose to act as her attorney and was negligent in providing legal services on her behalf. Acting as such an advocate is not a quasi-judicial function.

## CONCLUSION

" '[T]o recover under the Political Subdivisions Tort Claims Act a claimant must prove the four basic elements of negligence,' namely, the substantive elements of negligence, which are duty, breach of duty, proximate causation, and damages." *Millman v. County of Butler*, 235 Neb. 915, 927, 458 N.W.2d 207, 215 (1990). See, also, *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993); *Maple v. City of Omaha*, 222 Neb. 293, 384 N.W.2d 254 (1986). In determining whether a cause of action has been stated, the petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Carlson v. Metz*, 248 Neb. 139, 532 N.W.2d 631 (1995); *S.I. v. Cutler*, 246 Neb. 739, 523 N.W.2d 242 (1994); *Gibb v. Citicorp Mortgage, Inc.*, 246 Neb. 355, 518 N.W.2d 910 (1994).

Appellant's petition contains factual allegations indicating that Pace was acting as an advocate representing her interests and therefore owed her a duty as an attorney, and that he breached that duty by failing to timely act, resulting in damages. The petition states a cause of action from the facts alleged. We cannot say that, as a matter of law, Douglas County is absolutely immune from suit based on the facts pled. The district court erred in sustaining Douglas County's demurrer and dismissing appellant's petition. Further, appellant's motion to add Pace as a party defendant was not moot, and it was error

to deny it. We reverse the orders, and remand for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.