SIFFRING FARMS, INC., APPELLANT, V. DONALD L. JURANEK AND JOAN M. JURANEK, HUSBAND AND WIFE, APPELLEES.

561 N.W.2d 203

Filed March 28, 1997.   No. S-95-096.

Barry L. Hemmerling, of Jeffrey, Hahn, Hemmerling & Zimmerman, P.C., for appellant.

Donald L. Juranek and Joan M. Juranek, pro se.

Terrence L. Michael, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for amicus curiae Farm Credit Services of the Midlands, FLCA.

WRIGHT, CONNOLLY, and GERRARD, JJ., and FLOWERS, D.J., and BOSLAUGH, J., Retired.

FLOWERS, D.J.

Siffring Farms, Inc. (Siffring), brought suit to recover certain sums due Donald L. Juranek (Juranek) under a contract to grow seed corn on property owned by Juranek and his wife, Joan M. Juranek, which property was purchased by Siffring at a foreclosure sale. The district court found against Siffring on its claim, and Siffring appeals.

## SCOPE OF REVIEW

In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Gustin v. Scheele*, 250 Neb. 269, 549 N.W.2d 135 (1996); *Buffalo County v. Kizzier*, 250 Neb. 180, 548 N.W.2d 757 (1996); *NEBCO, Inc. v. Board of Equal. of City of Lincoln*, 250 Neb. 81, 547 N.W.2d 499 (1996).

## FACTS

In April 1993, Juranek and his son entered into an agreement with J.C. Robinson Seed Company (Robinson) to grow seed corn. The land on which the seed corn was to be grown was owned by Juranek and his wife. The contract identified Juranek's son as the grower and Juranek as the landlord. The contract was signed by both Juranek and his son, as well as by a representative of Robinson. While the contract provided that Robinson would supply the seed and would at all times remain owner of the crop unless Robinson chose to release it, the grower was required, among other things, to plant and fertilize according to Robinson's timing and specifications; to "rogue

out" volunteer corn near the seed acreage; to protect the crop against insects, weeds, and other conditions that could damage the crop; and to destroy all male plants. Payment under the contract was based upon a formula and the work that had been required by Robinson. The contract further provided that the payment would be divided, with 20 percent going to Juranek's son as the grower and 80 percent to Juranek as the landlord. Under the formula for payment, the grower had the ability to establish a settlement price (or prices) per 5,000 bushels at any time (or times) between May 1, 1993, and April 21, 1994. Regardless of when the settlement price was determined, however, payments under the contract could not be made before December 16, 1993.

In April 1993, Juranek was in the midst of a foreclosure action involving the real estate subject to the contract with Robinson. A decree of foreclosure on the property was signed on March 20, 1992, and the real estate was sold to Siffring at a foreclosure sale held September 3, 1993. The sale was confirmed on October 8, and a sheriff's deed to the property was delivered to Siffring on November 16. On November 10, Siffring filed suit against Donald and Joan Juranek, Robinson, and Farm Credit Bank of Omaha. Farm Credit, the former mortgagee of the property, disclaimed any interest in the suit, stating that it had been paid in full by proceeds from the foreclosure sale. Robinson tendered the money due Juranek into the court and did not participate further in the proceedings.

Siffring argued that as the purchaser at the foreclosure sale, it is entitled to all cash rents due Juranek on the date of the sheriff's deed. The district court found generally for Juranek and the other defendants and against Siffring. The court determined that (1) the agreement between Juranek, Juranek's son, and Robinson was "a crop share arrangement or agreement" and that (2) because the crop had been harvested prior to November 16, 1993, the date the sheriff's deed was executed and delivered, the proceeds from the contract had already become the personal property of Juranek. The district court also found that the petition failed to state a cause of action against Joan Juranek.

## ASSIGNMENTS OF ERROR

Siffring claims the district court erred in (1) finding that the payment due Juranek under the Robinson contract was personal property and not rent, (2) failing to find that the payment due Juranek was rent and that the right to it passed to Siffring with the delivery of the sheriff's deed, and (3) finding the lease to be a crop share arrangement.

## ANALYSIS

The first question we must decide is whether the payment due Juranek under the Robinson contract is rent. Juranek and amicus curiae, Farm Credit Services of the Midlands, suggest that it is something different. The contract identifies Juranek as the landlord and his son as the grower. The contract imposed no obligations upon Juranek. The payment due him was for the use of the land. While the testimony at trial shows that Juranek may not have been as passive as the Robinson contract contemplated, it does not necessitate a different conclusion. In this case, the payment due Juranek was for the use of his land, which, by definition, is rent.

The next question is whether the rent was unaccrued at the time the sheriff's deed was delivered to Siffring. At the time the sheriff's deed was delivered, Juranek and his son had done all that was required of them to receive payment. The seed corn had been grown, harvested, and delivered to Robinson. The right to receive payment was a fully vested and enforceable right, and Robinson was no longer using Juranek's land for any purpose under the contract. We find that under the circumstances the rent had accrued, even though the time for payment had not yet arrived. Siffring cites *Conservative Sav. & Loan Assn. v. Karp*, 218 Neb. 217, 352 N.W.2d 900 (1984), for the proposition that a purchaser at a judicial sale is entitled to all rents collected after the date the purchaser receives the sheriff's deed. What *Conservative Sav. & Loan Assn.* actually held was that the purchaser was entitled to all rents collected *for the period* after the date of the sheriff's deed. The case says nothing about the right to receive rents that had accrued for a prior period but had remained unpaid. In the instant case, the rent due Juranek was for the 1993 corn crop season. That season ended

with the harvest of the seed corn, which was prior to the delivery of the sheriff's deed to Siffring. Robinson was no longer using Juranek's land when Siffring took title, and there was no rent due under the contract for the period that commenced on November 16, 1993.

Because the rent had accrued prior to the date Siffring took title and was for a period of time during which Juranek was the owner, we need not determine whether the rent was crop share or cash, or what difference, if any, that would make.

## CONCLUSION

In evaluating a case on appeal, an appellate court is not bound by the grounds stated by the district court as the basis for its decision. Where the record demonstrates that the decision of a trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, an appellate court will affirm. *Sommerfeld v. City of Seward*, 221 Neb. 76, 375 N.W.2d 129 (1985).

The payment due Juranek for the crop grown under the contract with Robinson covered a period of time prior to Siffring's ownership and had accrued prior to November 16, 1993. The payment did not pass to Siffring with the sheriff's deed.

AFFIRMED.

WHITE, C.J., and CAPORALE, J., not participating.