TIMOTHY LAWRY AND COLLEEN LAWRY, APPELLANTS,
v. THE COUNTY OF SARPY, NEBRASKA,
A POLITICAL SUBDIVISION, APPELLEE.

575 N.W. 2d 605

Filed March 13, 1998.    No. S-96-426.

Timothy K. Kelso, of Rasmussen, Mitchell & Kelso, for appellants.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., for appellee.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

GERRARD, J.

## INTRODUCTION

In this case, the district court sustained a demurrer in favor of the County of Sarpy and dismissed Timothy Lawry and Colleen Lawry's petition, which alleged that the county was negligent with respect to flood warnings it undertook, based on Neb. Rev. Stat. § 13-910(2) (Reissue 1991), the discretionary function exception in the Political Subdivisions Tort Claims Act. Because we determine that one of the grounds on which the county's demurrer was asserted was well taken, we affirm the judgment of the district court.

## FACTUAL BACKGROUND

The Lawrys initially filed a petition asserting a negligence cause of action against the county pursuant to the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1991 & Cum. Supp. 1992). The circumstances giving rise to the action involved flooding that occurred in Sarpy County along the Platte River in early March 1993. The initial

petition claimed that the county negligently failed to warn the Lawrys of impending flooding and that the county's failure to warn caused damage to the Lawrys' real and personal property. Additionally, the petition alleged that the county negligently attempted to construct an emergency dike, that its action was not effective, and that such action caused delay and omission in warning the Lawrys and others of the flooding. The county demurred to the petition on the bases that the district court lacked subject matter jurisdiction over the action and that the petition failed to state facts sufficient to constitute a cause of action.

The district court, on November 7, 1995, sustained the demurrer on the grounds that the governmental actions at issue were discretionary functions and therefore immune from suit under the Political Subdivisions Tort Claims Act. Because the district court found that the action was barred by virtue of the county's immunity under the Political Subdivisions Tort Claims Act, the court did not consider the county's other claim of statutory immunity under Neb. Rev. Stat. § 81-829.55 (Reissue 1994). The Lawrys then filed an amended petition in the district court.

The Lawrys made the following assertions in their amended petition, which this court must accept as true for the purpose of reviewing the order sustaining the county's demurrer: The Lawrys were, at all relevant times, owners of real property located in Sarpy County, Nebraska, which they occupied as their primary residence. Sometime prior to 4:30 p.m. on March 8, 1993, the county, by and through its officers, agents, or employees, had knowledge of an impending flood from waters flowing in the Platte River and of the threat the flooding posed to persons and property within the county's jurisdiction. On March 8, at approximately 4:30 p.m., a dike or levee used to contain waters flowing in the Platte River broke, allowing floodwaters to escape and placing property downstream from the dike or levee, including the Lawrys' property, in peril. The Lawrys' property is located approximately 3 miles downstream from the point along the Platte River where the dike or levee broke.

Sometime after 4:30 p.m. on March 8, 1993, the county made a decision to warn all persons located downstream from the damaged dike or levee. Additionally, the county made a deci-

sion to try to impede the floodwaters by building an emergency dike. The emergency dike succeeded in holding back the floodwaters until about midnight on March 8, at which time it gave way and released the floodwaters, which caused extensive damage to property located downstream, including the Lawrys' property.

In their amended petition brought pursuant to the Political Subdivisions Tort Claims Act, the Lawrys allege five specific acts of negligence by the county that proximately caused damage to their real and personal property. Generally, the Lawrys assert that the county, having made the decision to warn all the downstream residences, had a duty to exercise reasonable care in the implementation of that decision by acting in a fashion reasonably calculated to warn, in a timely manner, those persons whose lives and property were jeopardized by the flooding. Specifically, the county allegedly breached this duty in the following five ways: (1) in failing to identify all downstream residents, including the Lawrys; (2) in failing to utilize the civil defense siren; (3) in not initiating the warning process sooner; (4) in utilizing the sheriff's department's existing dispatchers to provide the warning without calling in additional staff and/or invoking its mutual aid contracts; and (5) in failing to establish and maintain a written procedure or protocol to be followed in circumstances like those present in this case. The amended petition does not contain an allegation of negligence with respect to the construction of the emergency dike or any delay or omission of warning resulting therefrom.

The county again demurred to the amended petition on the same bases as the original demurrer, i.e., lack of subject matter jurisdiction and failure to state a cause of action. The district court sustained the county's demurrer "for the same reasons" set forth in the court's November 7, 1995, order and granted the Lawrys 30 days to further amend their petition. However, the Lawrys elected to stand on the amended petition for the purpose of an appeal, and the district court dismissed the lawsuit with prejudice. The Lawrys brought this appeal in the Nebraska Court of Appeals, and we removed the case to our docket pursuant to our authority to regulate the dockets of the Court of Appeals and this court.

## ASSIGNMENT OF ERROR

The Lawrys claim that the district court erred in determining that the discretionary function exception to the Political Subdivisions Tort Claims Act applies to the facts of this case and, therefore, that the district court erred in sustaining the county's demurrer.

## STANDARD OF REVIEW

In an appellate court's review of a ruling on a general demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Billups v. Scott*, 253 Neb. 287, 571 N.W.2d 603 (1997); *County of Adams v. Nebraska State Bd. of Equal.*, 252 Neb. 847, 566 N.W.2d 392 (1997).

## ANALYSIS

An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Crider v. Bayard City Schools*, 250 Neb. 775, 553 N.W.2d 147 (1996); *Pilot Investment Group v. Hofarth*, 250 Neb. 475, 550 N.W.2d 27 (1996). The county demurred on two separate grounds in the district court. The county, claiming immunity under the discretionary function exception to the Political Subdivisions Tort Claims Act, § 13-910(2), asserted that the Lawrys' amended petition did not state facts sufficient to constitute a cause of action. Additionally, the county claimed that the Lawrys did not successfully invoke subject matter jurisdiction by a pleading that facially alleges matters that reveal a waiver of immunity under § 81-829.55, which provides governmental immunity for disasters and civil defense governmental functions undertaken pursuant to Neb. Rev. Stat. § 81-829.36 et seq. (Reissue 1994). The two grounds for the county's demurrer are based on distinctly different reasons and require separate analysis.

### DISCRETIONARY FUNCTION EXCEPTION

One of the questions in this appeal is whether the county's conduct, as alleged in the amended petition, involves a discretionary function or duty for which the county is immune from liability based on the exception found in § 13-910(2), which

states that the tort liability imposed by the Political Subdivisions Tort Claims Act shall not apply to "[a]ny claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of the political subdivision or an employee of the political subdivision, whether or not the discretion be abused."

It is important to note at the outset that the discretionary function exception is expressed in nearly identical language in the State Tort Claims Act, see Neb. Rev. Stat. § 81-8,219(1) (Cum. Supp. 1992), and the Political Subdivisions Tort Claims Act; thus, cases construing the state exception apply as well to the exception granted to political subdivisions by § 13-910(2). See *Jasa v. Douglas County*, 244 Neb. 944, 510 N.W.2d 281 (1994).

In *Sherrod v. State*, 251 Neb. 355, 557 N.W.2d 634 (1997), we held that the exceptions found in § 81-8,219 to the general waiver of tort immunity provided for in Neb. Rev. Stat. § 81-8,215 (Reissue 1996) are matters of defense which must be pled and proved by the State. We determined that jurisdiction is conferred by the general waiver of tort immunity found in § 81-8,215, so long as the plaintiff alleges all facts necessary to confer subject matter jurisdiction in the district court. See *Sherrod v. State, supra* (citing *Stewart v. United States*, 199 F.2d 517 (7th Cir. 1952)). However, once subject matter jurisdiction is conferred, we stated that it then becomes a matter of defense to plead and prove that the cause of action no longer exists due to the applicability of an exception to the general waiver of immunity found in § 81-8,215. *Sherrod v. State, supra* (citing *Autery v. U.S.*, 992 F.2d 1523 (11th Cir. 1993), and *Prescott v. U.S.*, 973 F.2d 696 (9th Cir. 1992)). The essence of an affirmative defense is to concede that while the plaintiff otherwise may have a good cause of action, the cause of action no longer exists because some statute or rule permits the defendant to avoid liability for the acts alleged. *Sherrod v. State, supra* (citing *Nebraska Pub. Emp. v. City of Omaha*, 244 Neb. 328, 506 N.W.2d 686 (1993)). For the reasons that follow, we are convinced that the same rule should apply in cases brought under the Political Subdivisions Tort Claims Act.

The Lawrys' primary contention on appeal is that their amended petition states a cause of action because the discre-

tionary function exception is inapplicable to the facts of this case, as presented by the amended petition. The Lawrys assert, inter alia, that once the county made a decision to warn all the downstream residents of the flooding, it had a duty to exercise reasonable care in carrying out the warning. The facts alleged in the Lawrys' amended petition include that the county decided to warn all downstream residents of the flooding, but that its failure to use reasonable care when carrying out the warning proximately caused the damages the Lawrys suffered in the flooding. In support of their position, the Lawrys point to *Talbot v. Douglas County*, 249 Neb. 620, 544 N.W.2d 839 (1996), wherein we stated that when one under no obligation to act does undertake action, one must act with reasonable care. The Lawrys' first specific allegation of breach of the duty of reasonable care is that the county failed to identify all downstream residents, including the Lawrys. However, based on the allegations in the amended petition, we are unable to determine whether the alleged negligence of the county in carrying out the flood warning involved discretionary policy-level decisionmaking or operational-level conduct.

In *Rocky Mountain Thrift v. Salt Lake City*, 784 P.2d 459 (Utah 1989), the Supreme Court of Utah was faced with a situation similar to the one presented by this case. There, the court held that summary judgment based on the discretionary function exception was not appropriate. In *Rocky Mountain Thrift v. Salt Lake City*, the plaintiffs sued Salt Lake City for damages they sustained during flooding. The Utah Supreme Court held that decisions made by the city prior to the flood regarding the design, capacity, and construction of its flood control systems were discretionary functions involving basic policy decisions. *Id.* However, the court was unable to determine, based on the record, whether allegedly negligent operation and maintenance of the drainage system involved operational-level conduct or policy decisions. The court stated:

> These decisions [regarding the operation and maintenance of the drainage system] may not have been made on the policy level on which decisions were made before the flood as to the design, capacity, and construction of the City Creek drainage system. When the flood waters came,

> many decisions were doubtlessly made in a short time as to what course of action should be taken. An adequate record needs to be developed to separate what decisions qualify as "policy" from those that may have been only "operational."

*Id.* at 464.

Likewise, in the instant case, the decisions regarding the method and manner in which persons located downstream were warned may or may not have been made on the policy level prior to the time of the flood. Additionally, the manner in which the warnings were actually carried out may have been an unreasonable violation of established protocol, or conversely, the method and manner of warning may have changed from hour to hour, based on legitimate social or economic policy decisions, to meet the exigencies of the flood. An adequate record would have to be developed to separate what decisions qualify as *policy* from those that may have been only *operational* or *ministerial.*

Therefore, for the reasons set forth in *Sherrod v. State*, 251 Neb. 355, 557 N.W.2d 634 (1997), and aptly illustrated by the facts in this appeal, we hold that the discretionary function exceptions, found in § 13-910, to the general waiver of tort immunity, provided for in § 13-908, are matters of defense which must be pled and proved by a political subdivision. Because the discretionary function exception is an affirmative defense, which must be pled, we conclude that the district court erred when it sustained the county's demurrer based solely on the discretionary function exception to the general waiver of tort immunity.

However, because an order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken, we must analyze the county's other ground for demurring to the amended petition. See, *Crider v. Bayard City Schools*, 250 Neb. 775, 553 N.W.2d 147 (1996); *Pilot Investment Group v. Hofarth*, 250 Neb. 475, 550 N.W.2d 27 (1996).

### IMMUNITY UNDER DISASTER AND CIVIL DEFENSE STATUTES

The county also claimed that the Lawrys did not successfully invoke subject matter jurisdiction by a pleading that facially

alleges matters that reveal a waiver of immunity under § 81-829.55, which provides governmental immunity for disaster and civil defense governmental functions undertaken pursuant to § 81-829.36 et seq. The district court did not address this claim because it held that the county was immune under the discretionary function exception to the Political Subdivisions Tort Claims Act. Although we determined in the foregoing section that the district court erred in sustaining the county's demurrer based on the discretionary function exception, we conclude that the demurrer would have been properly sustained on the basis of the county's immunity under the disaster and civil defense statutes.

In contrast to the discretionary function *exception* analyzed above, the county asserts that in cases of natural disasters, such as floods, a political subdivision does not waive its sovereign immunity and, thus, that the district court does not acquire subject matter jurisdiction, absent factual allegations of willful misconduct, gross negligence, or bad faith on the part of the political subdivision. We agree.

The version of § 81-829.55(1), in effect on March 8, 1993, provides, in pertinent part:

All functions provided for in sections 81-829.36 to 81-829.66 and all other activities relating to civil defense are hereby declared to be governmental functions. Neither the United States, the state, nor any political subdivision thereof nor other agencies of the United States, the state, or political subdivision thereof, nor, except in cases of willful misconduct, gross negligence or bad faith, any civil defense worker complying with or reasonably attempting to comply with the provisions of sections 81-829.36 to 81-829.66 or Public Law 93-288, or any order, rule or regulation promulgated pursuant to the provisions of sections 81-829.36 to 81-829.66 or Public Law 93-288, or pursuant to any ordinance relating to black-out or other precautionary measures enacted by any political subdivision of the state shall be liable for the death of or injury to persons, or for damage to property, as a result of any such activity.

By its very terms, *except in cases of willful misconduct, gross negligence, or bad faith*, § 81-829.55(1) provides immunity to

political subdivisions for the negligence of any civil defense worker complying with or reasonably attempting to comply with the provisions relating to civil defense set forth in § 81-829.55(1). As was true under the Political Subdivisions Tort Claims Act, the plaintiff must allege facts necessary under the disaster and civil defense statutes to confer subject matter jurisdiction in the district court. See *Sherrod v. State*, 251 Neb. 355, 557 N.W.2d 634 (1997), citing *Autery v. U.S.*, 992 F.2d 1523 (11th Cir. 1993) (plaintiff bears burden of persuading court that it has subject matter jurisdiction).

Section 13-908 of the Political Subdivisions Tort Claims Act sets forth a general *waiver* of immunity subject to certain limited exceptions stated in § 13-910; whereas, § 81-829.55(1) sets forth a general *grant* of immunity to disaster and civil defense workers subject to the exceptions of willful misconduct, gross negligence, or bad faith stated therein. Thus, in situations involving the Political Subdivisions Tort Claims Act, which provides a general waiver of immunity in § 13-908, the plaintiff must merely allege facts that fall within the general waiver and then the political subdivision bears the burden of pleading and proving that the case falls within an exception to the general waiver of immunity. See *Sherrod v. State, supra.* In contrast, § 81-829.55(1) is a general immunity statute rather than a general waiver statute. Therefore, in order for the district court to have jurisdiction, the plaintiff must allege facts which show either (1) that the political subdivision's actions were not undertaken when complying with or reasonably attempting to comply with the provisions relating to civil defense set forth by § 81-829.55 or an order, rule, or regulation promulgated thereunder and therefore the general immunity does not apply, or (2) that the political subdivision's actions constituted willful misconduct, gross negligence, or bad faith so as to fall within an exception to the general immunity. If the plaintiff has not pled facts that show that the actions taken are outside the disaster and civil defense immunity statutes or that the actions constituted willful misconduct, gross negligence, or bad faith, the district court is without jurisdiction over the matter and the petition is properly subject to demurrer.

In the instant case, the Lawrys pled that the county's alleged negligent actions were undertaken while it was responding to a flood. Section 81-829.39(1) defines the term "civil defense" to include preparation for and carrying out of all emergency functions to prevent, minimize, and repair injury and damages resulting from disasters caused by floods. "Disaster," in turn, is defined as the occurrence or imminent threat of widespread or severe damage, injury, loss of life, or property resulting from any natural or manmade cause, including floods. § 81-829.39(3).

The Lawrys did not plead facts which would show that the county was not complying with or attempting to comply with the disaster and civil defense provisions set forth in § 81-829.55(1), or an order, rule, or regulation promulgated pursuant thereto, when it acted to warn the downstream residents of the flooding. Moreover, the Lawrys did not plead facts sufficient to allege willful misconduct, gross negligence, or bad faith on the part of the county—rather, the Lawrys' operative petition alleges facts constituting ordinary negligence. In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997); *Larson v. Demuth*, 252 Neb. 668, 564 N.W.2d 606 (1997). Because the Lawrys' amended petition does not allege that the county's actions were outside the governmental immunity granted by the disaster and civil defense statutes and does not allege that the county's actions constituted willful misconduct, gross negligence, or bad faith, we conclude that the district court was without subject matter jurisdiction in the instant case, and the county's demurrer should have been sustained on that basis.

Where the record demonstrates that the decision of a trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, an appellate court will affirm. *Boettcher v. Balka*, 252 Neb. 547, 567 N.W.2d 95 (1997); *Siffring Farms, Inc. v. Juranek*, 252 Neb. 150, 561 N.W.2d 203 (1997).

## CONCLUSION

Accordingly, we affirm the district court's order sustaining the county's demurrer, albeit on a different ground. Because the district court granted the Lawrys an opportunity to further amend their petition and the Lawrys chose instead to stand on the amended petition in order to pursue this appeal, the dismissal by the district court is affirmed as well. See *Balfany v. Balfany*, 239 Neb. 391, 476 N.W.2d 681 (1991) (order sustaining demurrer and order of dismissal affirmed after plaintiff elected to stand on pleadings rather than amend).

AFFIRMED.

WHITE, C.J., participating on briefs.