DENNIS D. ROHDE AND ALINE I.M. ROHDE, HUSBAND AND WIFE, APPELLANTS AND CROSS-APPELLEES, v. CITY OF OGALLALA, NEBRASKA, APPELLEE AND CROSS-APPELLANT.

731 N.W.2d 898

Filed June 1, 2007.    No. S-06-149.

George M. Zeilinger for appellants.

Jerrod M. Gregg, of McQuillan & McQuillan, P.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Dennis D. Rohde and Aline I.M. Rohde sued Kenneth Knoepfel and the City of Ogallala, Nebraska (City), for damages based on erroneous advice Knoepfel, the City's zoning director, provided concerning the subdivision of a tract of land. The Keith County District Court dismissed the action with prejudice, finding that the City had immunity from liability for damages under Neb. Rev. Stat. § 13-910(4) (Cum. Supp. 2002). The Rohdes appeal, and the City cross-appeals.

## SCOPE OF REVIEW

In actions brought pursuant to the Political Subdivisions Tort Claims Act (PSTCA), the findings of a trial court will not be disturbed on appeal unless they are clearly wrong. *McGrath v. City of Omaha*, 271 Neb. 536, 713 N.W.2d 451 (2006).

## FACTS

In 2001, the Rohdes purchased a 5-acre tract of land within the city limits of Ogallala. The property included a house that the Rohdes were going to refurbish for relatives. They also planned to build a new house on the property, and they contacted Knoepfel for advice on subdividing the property. Knoepfel told the Rohdes they needed to have a survey completed and to subdivide the property into two equal tracts of 2½ acres.

A registered land surveyor performed a survey, which was submitted to the Ogallala Planning Commission and approved on September 10, 2001. The subdivision was approved by the city council on September 25. Two days later, the Rohdes were informed by the City that it had made a mistake and that the

Rohdes could not be granted a permit to build a new house on the property because city ordinances required that lots be a minimum of 3 acres. The Rohdes and their attorney went to the city council meeting on October 23. Knoepfel apologized for giving improper advice, but the city council later rescinded its approval of the subdivision.

The Rohdes sued, alleging that Knoepfel was negligent and provided them with incorrect information. They alleged damages of $35,000. The City and Knoepfel asserted that the claim was barred by § 13-910(1) through (4). The district court sustained a motion to dismiss on the basis of § 13-910(4) and also found that there was no duty owed to the Rohdes.

The Rohdes appealed, and the Nebraska Court of Appeals reversed the judgment and remanded the cause for further proceedings. See *Rohde v. Knoepfel*, 13 Neb. App. 383, 693 N.W.2d 564 (2005). The appellate court determined that the case could not be resolved on a motion to dismiss because there were issues concerning whether Knoepfel was acting at a policy level or functional level and whether approval of subdivisions was a ministerial act by a political subdivision.

Upon remand, the Rohdes argued that the Court of Appeals opinion was binding upon the district court and established as the law of the case that Knoepfel's actions were negligent and were not taken in the exercise of a discretionary function and that the City was liable for damages. Following a bench trial, the court found generally in favor of the City and against the Rohdes.

The district court determined that the Court of Appeals' decision "merely established that this Court was in error in sustaining the . . . Motion to Dismiss, thereby depriving the [Rohdes] of their right to a contested trial." The court found that Knoepfel was acting within the scope of his employment as the zoning director for the City, that Knoepfel was negligent in advising the Rohdes that they could subdivide the 5-acre tract into two equal tracts, and that the Rohdes were damaged.

However, the district court concluded that the City was immune from suit. Under § 13-910(4), the PSTCA does not apply to any claim based upon the revocation of a permit. The City had rescinded its prior approval of the subdivision when

it discovered the errors made by Knoepfel, the City's planning commission, and the city council. The court sustained a motion to dismiss filed by Knoepfel, dismissed the complaint with prejudice, and taxed all costs to the Rohdes.

## ASSIGNMENTS OF ERROR

The Rohdes assign as error the district court's finding that their claim against the City was barred by § 13-910(4) and the dismissal of the action with prejudice.

## ANALYSIS

At all times relevant to this case, § 13-910 provided in part: "The Political Subdivisions Tort Claims Act . . . shall not apply to: . . . (4) Any claim based upon the issuance, denial, suspension, or revocation of or failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, or order."

The issue is whether the district court correctly determined that the City was exempt from liability under § 13-910(4). The Rohdes sought permission to subdivide their property into two sections. They were erroneously told by Knoepfel that subdivision was permissible and that each half should be 2½ acres. The City's ordinances required such plots to be a minimum of 3 acres in size. The City rescinded its original approval of the subdivision.

Statutory interpretation presents a question of law. *City of Elkhorn v. City of Omaha*, 272 Neb. 867, 725 N.W.2d 792 (2007). Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Knapp v. Village of Beaver City, ante* p. 156, 728 N.W.2d 96 (2007). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *State ex rel. Columbus Metal v. Aaron Ferer & Sons*, 272 Neb. 758, 725 N.W.2d 158 (2006).

Section 13-910(4) is clear and unambiguous. Political subdivisions are not liable under the PSTCA for actions based upon the revocation of a permit or license. The City revoked its decision to issue a permit allowing the Rohdes to subdivide

their property because such division did not comply with City ordinances.

The Rohdes argue they were damaged as a result of the opinion of Knoepfel, who erroneously advised them concerning subdivision of their property. They claim Knoepfel was negligent at the operational level, and they rely upon *Talbot v. Douglas County*, 249 Neb. 620, 544 N.W.2d 839 (1996). In *Talbot*, this court held that actions carried out by an attorney related to collecting delinquent child support were operational activities which fell outside the scope of the discretionary function exemption of the PSTCA. *Talbot* concerned § 13-910(2) and did not mention § 13-910(4).

In actions brought pursuant to the PSTCA, the findings of a trial court will not be disturbed on appeal unless they are clearly wrong. *McGrath v. City of Omaha*, 271 Neb. 536, 713 N.W.2d 451 (2006). Section 13-910(4) clearly provides that a political subdivision has immunity from suit for any claim based upon the revocation of a permit. The district court was correct in dismissing the action on this basis.

## CROSS-APPEAL

In its cross-appeal, the City asserts that the district court erred in finding that the City owed a duty to the Rohdes, in finding that the actions of Knoepfel and the City were the proximate cause of the damages suffered by the Rohdes, and in finding that § 13-910(1) and (2) did not bar the Rohdes' claim. Having determined that the district court was correct in finding that the City was immune from liability under § 13-910(4), we do not address these claims.

## CONCLUSION

The district court was correct in finding that the City was immune from suit for damages pursuant to § 13-910(4). Dismissal of the Rohdes' complaint was correct, and the judgment of the district court is affirmed.

AFFIRMED.