MANLY RUMBEL ET AL., APPELLEES AND CROSS-APPELLANTS, v. L. N. RESS, STATE ENGINEER OF THE STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLEE, IMPLEADED WITH VAUGHN A. HALL, APPELLANT AND CROSS-APPELLEE, SAFEWAY STORES, INCORPORATED, INTERVENER-APPELLEE AND CROSS-APPELLANT.

91 N. W. 2d 36

Filed June 20, 1958. No. 34351.

*Joseph T. Votava* and *John R. McCormack,* for appellant.

*Frost, Meyers & Farnham* and *Charles W. Peasinger,* for appellees Rumbel.

*Kennedy, Holland, DeLacy & Svoboda* and *Thomas R. Burke,* for appellee Safeway Stores, Inc.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ. ...

MESSMORE, J.

This is an action in equity brought by Manly Rumbel and Lucinda Rumbel, husband and wife, plaintiffs, against L. N. Ress, State Engineer of the State of Nebraska, and Vaughn A. Hall, defendants, in the district court for Douglas County. The purpose of the action was to cancel a deed conveying a triangular tract of land comprising 0.0645 acres, more or less, which was acquired by the state for sight purposes at the intersection of Sixtieth Street and Ames Avenue in Omaha, that is, the land was acquired for highway purposes. The further purpose of the action was to reform the original deed wherein the plaintiffs conveyed to the State of Nebraska the triangular tract of land heretofore referred to, to express the true conveyance intended by the parties thereto, and to have declared null and void and of no force and effect the deed to the same triangular tract of land from the state to the defendant Vaughn A. Hall; also in the event the deed from L. N. Ress, State Engineer, to defendant Hall be declared not void, then suitable decree to be entered to reform said deed to express the purpose, intention, and consideration of the parties.

The Safeway Stores, Incorporated, intervened in the case, claiming an interest in the subject matter of the action.

The defendant L. N. Ress demurred to the plaintiffs' petition and supplemental petition for the reason that there was a defect of parties defendant as appears upon the face of said petition, the State of Nebraska being a necessary party to said action; and for the further reason that the petition and supplemental petition did not state facts sufficient to constitute a cause of action. This demurrer was overruled by the trial court. The defendant L. N. Ress, State Engineer, elected to stand upon his demurrer.

The defendant Vaughn A. Hall demurred to the plaintiffs' petition and supplemental petition for the reason

that the facts stated therein were not sufficient to con-stitute a cause of action in favor of the plaintiffs and against this defendant. This demurrer was overruled.

The trial court, after hearing the case on its merits, found generally in favor of the plaintiffs and the intervener and against the defendant Hall, setting forth certain findings and entering the decree in accordance therewith. We deem it unnecessary to set forth the subject matter thereof or the judgment of the trial court except as above noted.

The plaintiffs and intervener contend that the trial court erred in overruling their motion to quash the motion for new trial filed by the defendant Hall for the reason that the same was filed out of time from the date the trial court rendered its decision in a letter to counsel of the parties involved in this litigation.

On September 25, 1957, the trial court, by a letter to counsel representing the respective parties, set forth its opinion as to the proper findings to be made, and requested a decree be prepared in accordance therewith and submitted to the court for signature. On October 25, 1957, the trial court rendered its decree and judgment. A judgment is defined by section 25-1301, R. R. S. 1943, as "the final determination of the rights of the parties in an action."

On October 25, 1957, the defendant Hall filed his motion for new trial. Section 25-1143, R. R. S. 1943, provides in part: "The application for a new trial must be made, within ten days, either within or without the term, after the * * * decision was rendered, * * *." There are two exceptions to the above which need not be considered here. The letter sent by the trial judge heretofore referred to in no manner conformed to the definition of a judgment. This motion for new trial was overruled on October 25, 1957. The notice of appeal was filed on October 25, 1957. The trial court properly overruled the motion of the plaintiffs and intervener to quash the motion for new trial filed by Hall.

This motion for new trial was filed in time as provided for by section 25-1143, R. R. S. 1943. The plaintiffs' contention is without merit.

The record discloses that on May 23, 1949, Manly Rumbel and Lucinda Rumbel, husband and wife, for a consideration of $82.49, conveyed unto the State of Nebraska the following-described property in Douglas County: "A triangular tract of land located in the southwestern part of Lot 76, Benson Heights, in the Northwest Quarter of Section 6, Township 15 North, Range 13 East of the 6th P.M., Douglas County, Nebraska, described as follows: Beginning at the southwest corner of said Lot 76; thence easterly on the South line of said Lot 76 a distance of 75.0 feet; thence northwesterly 135 degrees 00 minutes left a distance of 106.1 feet to a point on the West line of said Lot 76; thence southerly on said West line a distance of 75.0 feet to the point of beginning, containing 0.0645 acre, more or less." This deed was recorded July 9, 1949. It will be observed that this deed contained no restrictions or reservations of any kind, therefore the plaintiffs herein conveyed to the state a fee simple title to the land described in the deed.

Section 76-104, R. R. S. 1943, reads in part as follows: "An otherwise effective conveyance of property transfers the entire interest which the conveyor has and has the power to convey, unless an intent to transfer a less interest is effectively manifested."

The record also discloses a deed dated July 6, 1955, and recorded July 7, 1955, in which L. N. Ress, State Engineer, in the name of the state and for the Department of Roads and Irrigation, for and in consideration of $500, conveyed to the defendant Hall the same land as described heretofore, deeded from the Rumbels to the State of Nebraska, except that a reservation was made for an easement for highway purposes over a triangular portion in the southwest corner having a base of 25 feet and a height of 25 feet. In all other respects this

deed was like the deed from the plaintiffs Rumbel to the state.

There also appears in the record a deed from the plaintiffs Rumbel conveying to the Safeway Stores, Incorporated, Lots 75 and 76 in Benson Heights, an addition in Douglas County, as surveyed, platted, and recorded, except a triangular strip in the southwest corner of said Lot 76, more particularly described as follows: "Commencing at a point 33 feet North of the original Southwest Corner of said Lot 76, as surveyed, platted and recorded, and running thence East 75 feet; thence Northwesterly to a point on the West Line of said Lot 76, which is 75 feet North of the place of beginning; thence South along the West Line of said Lot 76 a distance of 75 feet to the place of beginning, and except that part of said Lot 76 taken for street purposes, all in Douglas County, Nebraska." The date of this deed was October 14, 1955, and it was recorded on December 27, 1955.

There appears to be a variance in the description of the triangular tract of land here involved. In the deed from the plaintiffs to the State of Nebraska and the deed from the State of Nebraska to the defendant Hall, the description is the same, while in the deed from the plaintiffs to the Safeway Stores, Incorporated, wherein the triangular tract of land is excepted as not being a part of the conveyance, the description therein is different than appears in the other two deeds just mentioned. The trial court held that the description appearing in the original deed from the plaintiffs to the state and from the state to the defendant Hall was the correct description. The foregoing constitutes one of the issues involved in the case as to the reformation of the deeds hereinbefore mentioned. Insofar as determining this appeal, such issue is not before this court as will hereinafter appear in the opinion.

The defendant Hall contends that this case should be dismissed because the State of Nebraska was not made a party to this action, and that a suit against L. N. Ress,

State Engineer of the State of Nebraska, is not a sufficient designation of parties to bring the State of Nebraska into this action as a party. In determining the validity of this contention, certain rules of law and statutes become pertinent. We make reference to the following.

In the supplemental opinion in Cunningham v. Brewer, 144 Neb. 218, 16 N. W. 2d 533, it is said: "The general rule is that in suits for rescission or cancellation all persons whose rights, interests or relations with or through the subject matter of the suit would be affected by the cancellation or rescission should be brought before the court so that they can be heard in their own behalf.

"As stated in 12 C. J. S. 1027, sec. 52: '* * * All persons whose rights, interests, or relations with or through the subject matter of the suit would be affected by the cancellation or rescission are proper and necessary parties in order that they may have an opportunity to be heard; and unless they are made parties the court is precluded from rendering a judgment or decree of cancellation. * * * All parties to the instrument sought to be canceled are necessary parties to the suit for cancellation, either as plaintiffs or as defendants, unless it is obvious that the one not joined has no interest whatever in the subject matter of the suit.' See, also, 9 C. J. 1225. These principles find support in the decisions of Alabama, California, Florida, Georgia, Illinois, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Missouri, Montana, New York, North Carolina, Oklahoma, Oregon, Texas, Virginia, Washington, West Virginia, Wisconsin and Federal."

The record shows that on May 23, 1949, the plaintiffs conveyed the fee simple title to the land in controversy by a warranty deed without any restrictions or reservations to the State of Nebraska. In 1955, the State of Nebraska conveyed the same land in controversy by a warranty deed to the defendant Hall. The plaintiffs, in their petition and supplemental petition, prayed for a modifi-

cation, reformation, and in fact a cancellation of their deed of May 23, 1949, to the State of Nebraska, and also sought to cancel and set aside a warranty deed from the State of Nebraska to the defendant Hall. The trial court in its decree set aside the deed from the State of Nebraska to the defendant Hall.

Section 39-603, R. R. S. 1943, provides in part: "Any public highway or portion of a public highway, designated by law as a state or federal highway, may be relocated, altered, or widened, * * * when, in the opinion of the Department of Roads and Irrigation, such is necessary for the public convenience and safety or for economy in construction of state or federal highways. For such purposes power is hereby conferred upon the department to take, hold, and acquire by eminent domain so much real estate as may be necessary and convenient."

Section 39-603.01, R. R. S. 1943, provides: "Whenever any real estate has been acquired by the State of Nebraska under the provisions of section 39-603, the State Engineer is hereby authorized to sell and convey, with the approval of the Governor, any part thereof not needed for highway purposes and also any personal property acquired in connection therewith, when in his judgment the State of Nebraska will have no further beneficial use of the same."

Section 39-603.02, R. R. S. 1943, provides in part: "For the purpose of executing and performing any of the powers and duties hereby conferred upon him, the State Engineer may, for the Department of Roads and Irrigation and in the name of the State of Nebraska, execute, acknowledge and deliver any and all deeds, * * * necessary and proper to effectuate any such sale of real * * * property. Any deed, * * * executed pursuant to the authority hereby given, shall be valid and effectual for all purposes; Provided, such deed, * * * shall state in writing that such real estate * * * was acquired under the provisions of section 39-603, and shall have affixed

thereto the seal of the Department of Roads and Irrigation."

The foregoing sections of the statutes are indicative of the fact that the state may acquire land by fee simple title for highway purposes.

Section 24-319, R. R. S. 1943, provides in part: "The several district courts of the judicial districts of the state shall have jurisdiction to hear and determine * * * (4) all cases where the State of Nebraska shall have a lien or any other interest, apparent or real, upon or in any real estate in said state, wherein any party may desire to have said lien or interest of the state fixed and determined or foreclosed and cut off; and permission is hereby given to any party to join the state as a party in any such actions or proceedings in such courts involving real estate in or upon which the state has, appears to have, or claims any interest or lien; * * *."

The language of the foregoing statute is clear and unambiguous. It means that the state may be joined as a party to any litigation wherein the state has a lien or any other interest, apparent or real, upon or in any real estate in said state.

Section 24-321, R. R. S. 1943, provides in part: "Summons shall issue upon the filing of such petition, and shall be served upon the state by the sheriff of the county in which the petition may be filed, by serving the same upon the Governor and Attorney General; and in any action, the subject matter of which, in whole or in part, relates to or grew out of the conduct of any special department or institution of the government, summons shall also be served by such sheriff upon the chief officer of such department or institution, and the return day thereof shall be as provided by law in other actions in the district court; Provided, that when action is brought under the provisions of section 24-319, subdivision (4), service shall be had upon the State of Nebraska by serving a copy of the summons upon the Attorney General and a copy of the summons upon the county attorney of

the county wherein the realty is situated, and the action brought as in other civil actions; * * *."

The above statute designates the manner of service to bring the State of Nebraska into an action involving the subject matter under subdivision (4) of section 24-319, R. R. S. 1943.

In the case of Frye v. Sibbitt, 145 Neb. 600, 17 N. W. 2d 617, this court said: "Action to reform a deed of conveyance of real estate to the state of Nebraska is properly maintainable under authority of section 24-319, R. S. 1943 (now section 24-319, R. R. S. 1943)." The court also said: "The appellants contend that the court was without jurisdiction to reform the deed to the state of Nebraska and that notwithstanding the attempted reformation the state of Nebraska became and still is the owner of the directly affected lands. They contend that authority has never been granted by the legislature for the prosecution of any such action against the state.

"If such authority exists it must be found in the following from section 24-319, R. S. 1943, granting the right to bring action against the state: '* * * all cases where the State of Nebraska shall have a lien or any other interest, apparent or real, upon or in any real estate in said state, wherein any party may desire to have said lien or interest of the state fixed and determined or foreclosed and cut off; . * * *.'

"Statutes authorizing suits against the state are to be strictly construed. In Anstine v. State 137 Neb. 148, 288 N. W. 525, this court quoted with approval the following from 59 C. J., sec. 460, p. 303: '* * * it is usually said that statutes authorizing suit against the state are to be strictly construed, since they are in derogation of the state's sovereignty. * * *.' "

In the instant case the suit was brought against the State Engineer by name. It was not brought against the State of Nebraska. Referring to section 24-321, R. R. S. 1943, again, this statute specifically provides how the state may be brought in as a party defendant, and

a failure to comply with these requirements, even though the State of Nebraska had been named a party defendant, would not have been sufficient.

The State Engineer demurred to the petition and supplemental petition of the plaintiffs filed herein, and participated no further in the lawsuit. In the light of the foregoing authorities it is obvious that the state was an indispensable party to this lawsuit. True, the State Engineer was a proper party, but the deed given by the plaintiffs was given to the State of Nebraska and the state, by virtue of the deed, became the fee simple owner of the property in controversy. This being true, the plaintiffs in no legal manner brought the state into this action as a party defendant which we deem it was necessary to do in order to determine the merits of the plaintiffs' case. Having failed to comply with the law in this respect, we conclude that the judgment of the trial court should be reversed and the cause remanded with directions to dismiss the plaintiffs' cause of action.

Other assignments of error appear which, under the circumstances, we deem unnecessary to determine in the light of our conclusion.

REVERSED AND REMANDED WITH DIRECTIONS.