LINCOLN EQUIPMENT COMPANY, A CORPORATION, APPELLANT,
v. PAUL R. EVELAND, APPELLEE.

112 N. W. 2d 755

Filed January 12, 1962. No. 35076.

*Donald S. Bergquist, Jr.*, for appellant.

*Marti, O'Gara, Dalton & Sheldon*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is a suit on a promissory note for the balance due. The defendant asserted by answer that he signed the note in a representative capacity only and that he is not personally bound on the note. Defendant also prayed for a reformation of the note to show his representative capacity. The trial court found for the defendant, ordered a reformation of the note, and dismissed the action.

The evidence shows that prior to August 19, 1959, the Meadow Rock Company was indebted to the plaintiff in the amount of $22,887.10. On August 19, 1959, plaintiff accepted the note in question, which at the time of trial had been reduced to $17,887.10 by payments made thereon by the Meadow Rock Company. There is no dispute as to the amount due on the note.

Defendant was president of the Meadow Rock Company at the time of the note transaction. Plaintiff had threatened suit prior to the execution of the note. On August 19, 1959, Robert Phillips, executive vice president of the plaintiff corporation, contacted the defendant in Ashland, Nebraska, concerning the payment of the indebtedness owing by Meadow Rock Company. Defendant advised Phillips that he could not make payment but that he would be willing to give plaintiff a note for the amount due. A note was drawn up by Phillips. He printed "Meadow Rock Company" with his pen as a maker and defendant signed "Paul R. Eveland" beneath the corporate name. There was nothing on the note to indicate that defendant signed the note in a representative capacity. It is clear that Phillips understood that Meadow Rock Company was to be obligated, since he printed its name on the note as a maker. The contention of the plaintiff that defendant was personally liable carries with it the implication that

defendant had personally obligated himself and the Meadow Rock Company by attaching a single signature as he did.

We are cited to section 62-120, R. R. S. 1943, which provides: "Where the instrument contains or the person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character without disclosing his principal does not exempt him from personal liability." There were no words indicating that defendant signed on behalf of a principal or in a representative capacity. It is not disputed that defendant was authorized to sign for the Meadow Rock Company. The name of defendant's alleged principal, the Meadow Rock Company, was clearly shown on the note. The question then is whether or not, as between the maker and payee, extrinsic evidence is admissible to show that it was not intended that defendant be personally bound. It is plain that section 62-120, R. R. S. 1943, is not determinative of the question.

In Restatement, Agency, § 324 (3), p. 718, it is stated: "If the name of the principal appears upon a negotiable instrument and the agent does not appear unambiguously as a party, extrinsic evidence of an understanding that the agent shall not be a party to it is admissible as against any holder of the instrument who has notice of the agreement or who is not a holder in due course."

The rule in this state is set forth in Western Wheeled Scraper Co. v. McMillen, 71 Neb. 686, 99 N. W. 512, as follows: "We think this court is now fully committed to the doctrine that in order to exempt an agent from liability upon an instrument executed by him within the scope of his agency, he must not only name his principal, but he must express by some form of words that the writing is the act of the principal, though done by the hand of the agent. If he expresses this, the principal

is bound and the agent is not; but a mere description of the general relation or office which the person signing the paper holds to another person or to a corporation, without indicating that the particular signature is made in the execution of the office and agency, is not sufficient to charge the principal, or to exempt the agent from personal liability. There was evidence which would fully support a finding that, in executing these notes, the defendants did not intend to bind themselves personally, and that the plaintiff's agent was not fully aware of that fact and understood that he was taking the notes of the corporation, but assisted and advised as to the form in which the notes should be drawn in order to make them the obligation of the corporation. This being the case, the defendants, upon a proper plea, would be entitled to have the notes reformed to express the real intention of the parties." See, also, Sutherland State Bank v. Dial, 103 Neb. 136, 170 N. W. 666; Belmont Dairy Co. v. Thrasher, 124 Md. 320, 92 A. 766; Austin, Nichols & Co., Inc. v. Gross, 98 Conn. 782, 120 A. 596.

In the instant case the defendant prayed for the reformation of the note to conform to the intent of the parties that said note is the corporate obligation of Meadow Rock Company only. The trial court reformed the note as prayed. Plaintiff contends the evidence is insufficient to sustain the action of the trial court in reforming the note. The rule is: "In order to warrant the reformation of a written instrument in any material respect, the evidence must be clear, convincing, and satisfactory, and until overcome by such proof, the terms of the instrument must stand as evidencing the intention of the parties." Lovenburg v. Justice, 155 Neb. 406, 51 N. W. 2d 895.

The evidence offered in support of defendant's claim for a reformation of the note is substantially as follows: Plaintiff's vice president, Phillips, was authorized to represent the plaintiff. He knew that defendant was

president of the Meadow Rock Company and authorized to sign notes for the company. The Meadow Rock Company was indebted to plaintiff and the defendant was not. Phillips filled out the note. He penned in the printed name of Meadow Rock Company, indicating clearly that he intended that Meadow Rock Company be bound. He must have known that the signature of an authorized person must be attached in order to bind the company. He knew that defendant had such authority. If, as plaintiff now claims, plaintiff desired only the personal liability of defendant on the note, no reason would exist for printing in the name of Meadow Rock Company as a maker of the note. Defendant stated and Phillips admitted that there was no discussion of any kind about the defendant becoming personally liable on the note. Defendant testified that he was the majority stockholder in the Meadow Rock Company and that the company was indebted to him in excess of $50,000. It seems clear that Phillips, at the time of the execution of the note, understood that he was accepting the note of the corporation. The signature of defendant was necessary to bind the company. It cannot reasonably be said that defendant intended to bind Meadow Rock Company and himself as well by a single signature. The payments on the note were made by the Meadow Rock Company and not by the defendant.

The plaintiff asserts that it already had evidences of indebtedness against Meadow Rock Company and, unless additional security was obtained, a note executed by Meadow Rock Company would add little to what it already had. Defendant admits that litigation would be embarrassing, if not harmful, to him personally because of his status as a creditor and stockholder in the Meadow Rock Company. But a fear of litigation alone cannot be advanced as establishing an intent to become bound for his principal's obligation. It seems strange to us, if plaintiff was seeking only additional security, that no mention was ever made of it by either party.

Ordinarily, a personal liability for $22,887.10 for the debt of another is not brought about in such a passive manner.

The evidence is clear, satisfactory, and convincing, as the trial court found, that Phillips understood he was obtaining the note of the Meadow Rock Company at the time it was delivered to him. The evidence supports the testimony of defendant that he signed in a representative capacity and that neither he nor Phillips intended that he was to be personally bound. The judgment of the trial court is in conformity with the holding in the Western Wheeled Scraper Co. case, to wit: Though the language of a note executed by the president of a corporation imports a personal liability, it may be shown by parol evidence, on an issue of reformation, except as to a holder in due course, that the intention of both the maker and the payee was to execute an instrument binding the corporation only, and that, though the language was that which they intended, it did not express their true purpose.

The judgment is sustained by the evidence, which is clear, convincing, and satisfactory, and it is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.