RAY AND VELDA COFFEY, APPELLEES AND CROSS-APPELLANTS, V.
DON MANN, DOING BUSINESS AS MANN CUSTOM HOMES, INC.,
APPELLANT AND CROSS-APPELLEE.

585 N.W. 2d 518

Filed October 20, 1998.   No. A-97-569.

Alan L. Plessman, of Plessman Law Offices, for appellant.

David H. Hahn, of Hahn Law Office, for appellees.

IRWIN, Chief Judge, and HANNON and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Don Mann, doing business as Mann Custom Homes, Inc. (hereinafter referred to as "Mann"), appeals from an order of the district court granting Mann's motion for new trial, but denying his alternative motion for judgment notwithstanding the verdict in this breach of contract action, wherein the jury assessed damages of $71,361 against Mann. Ray and Velda Coffey cross-appeal from the court's order granting Mann a new trial. For the reasons stated herein, we affirm.

## II. BACKGROUND

In 1987, the Coffeys purchased land between Lincoln and Hickman, Nebraska. In late 1988, the Coffeys entered into an agreement with Mann to have Mann build a new house on the property. Mann provided the Coffeys with a written contract setting out the terms of the parties' agreement. The evidence at trial indicated that no one ever signed the written contract, but that the parties agreed that the writing embodied the terms of their agreement. Mann constructed the house pursuant to the terms of the written contract.

After the Coffeys had been residing in the house for more than 1 year, they hired a contractor to finish the basement in the house. At that time, they discovered that several 2 by 4's composing the load-bearing wall in the basement had severely bowed and that Mann had used untreated lumber in making the sill plate on the foundation of the house.

On August 23, 1993, the Coffeys filed a petition against Mann. Mann filed an answer on September 24. The Coffeys filed an amended petition on October 5, 1995, upon which the case proceeded to trial. In the amended petition, the Coffeys alleged five causes of action. In essence, the Coffeys alleged that Mann breached the contract between the parties. The Coffeys alleged that the contract provided that Mann was to gain approval of the building plans from the city building department and that he failed to do so. The Coffeys alleged that had Mann gained such approval, proper construction of the load-bearing wall and the use of treated lumber for the sill plate of the foundation would have been ensured. Additionally, the Coffeys alleged that Mann's construction of the house constituted a breach of both a provision in the contract and an implied warranty for good, substantial, and "workmanlike" construction. A copy of the unsigned contract was attached to the petition.

At the conclusion of the trial, Mann moved to have the case dismissed or, in the alternative, to have a directed verdict entered in Mann's favor. The court overruled the motion. The jury returned a verdict in favor of the Coffeys in the amount of $71,361, which represents the cost of having the house raised and the load-bearing wall and sill plate replaced.

On March 3, 1997, Mann filed posttrial motions. Mann moved the court for a judgment notwithstanding the verdict or, in the alternative, a new trial. Mann listed 13 reasons for a new trial being granted, such as "[i]rregularity in the proceedings," "[i]rregularity in Orders of the court," "[m]isconduct of the jury and the opposing party(ies)," "[e]rror in the assessment of the amount of recovery," "[t]he verdict and decision are contrary to law," "[e]rror of law occurring at the trial," "[t]he Court's instructions to the jury were not supported by the evidence and did not constitute proper statements of the law," and "[t]he Court erred in overruling the undersigned party(ies) objec-

tions." Mann did not specify the basis for any of these "reasons" or indicate what specific actions of the court constituted "irregularity" or "error."

On April 17, 1997, the trial court granted the motion for new trial. In essence, the court determined that error had been committed in instructing and allowing the jury to determine the effect of a provision of the 1985 edition of the Uniform Building Code, which allowed the city of Lincoln to permit the use of untreated lumber for sill plates under certain circumstances. The court determined that the Uniform Building Code provision did allow such exemptions from the requirement of treated lumber being used and that the Coffeys had the burden to prove that treated lumber was required. As a result, the court felt a new trial was warranted because the jury should not have been allowed to decide that issue. In a minute entry on April 28, the court noted that in light of the ruling on the motion for new trial, the motion for judgment notwithstanding the verdict was overruled. This appeal timely followed.

## III. ASSIGNMENTS OF ERROR

In the direct appeal, Mann has assigned three errors. Mann asserts that the district court erred in overruling both the motion to dismiss and the motion for directed verdict at the end of the evidence, and in overruling the motion for judgment notwithstanding the verdict.

In the cross-appeal, the Coffeys have assigned one error. The Coffeys assert that the district court erred in sustaining Mann's motion for new trial.

## IV. ANALYSIS

### 1. DIRECT APPEAL

In the direct appeal, Mann has challenged the district court's order overruling Mann's motion to dismiss, motion for directed verdict, and motion for judgment notwithstanding the verdict. Mann has asserted that each ruling was erroneous for the same reasons. Mann asserts that each motion should have been sustained because (1) the Coffeys failed to properly plead the corporation, Mann Custom Homes, as a defendant; (2) the Coffeys pled that the case was based on a written contract, but proved

the existence only of an oral contract; (3) the Coffeys failed to properly plead the municipal ordinance upon which the alleged violations of the Uniform Building Code were based; and (4) the Coffeys failed to prove any violations of the Uniform Building Code.

We note that the record does not indicate that Mann made any of these arguments to the trial court, but, rather, made the various motions, which were overruled with argument.

In ruling on a motion to dismiss, a trial court may sustain the motion only by resolving the controversy as a matter of law, and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Robinson v. Bleicher*, 251 Neb. 752, 559 N.W.2d 473 (1997); *Bonge v. County of Madison*, 5 Neb. App. 760, 567 N.W.2d 578 (1997), *rev'd on other grounds* 253 Neb. 903, 573 N.W.2d 448 (1998). In a court's review of evidence on a motion to dismiss, the nonmoving party is entitled to have every controverted fact resolved in his or her favor and is entitled to have the benefit of every reasonable inference which can be drawn therefrom, and where the plaintiff's evidence has met the burden of proof and the plaintiff has made a prima facie case, the motion to dismiss should be overruled. *Robinson v. Bleicher, supra.*

When a motion for directed verdict made at the close of all the evidence is overruled by the trial court, appellate review is controlled by the rule that a directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the evidence, and the issues should be decided as a matter of law. *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998); *Bahrs v. R M B R Wheels, Inc.*, 6 Neb. App. 354, 574 N.W.2d 524 (1998). The party against whom the motion is directed is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every reasonable inference which can be drawn therefrom. *Bahrs v. R M B R Wheels, Inc., supra.* See, also, *Blose v. Mactier*, 252 Neb. 333, 562 N.W.2d 363 (1997).

On a motion for judgment notwithstanding the verdict, the moving party is deemed to have admitted as true all the relevant evidence admitted which is favorable to the party against whom the motion is directed, and, further, the party against

whom the motion is directed is entitled to the benefit of every proper inference deducible from the evidence. *Hulett v. Ranch Bowl of Omaha*, 251 Neb. 189, 556 N.W.2d 23 (1996); *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996). In order to sustain such a motion, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Hulett v. Ranch Bowl of Omaha, supra*; *McWhirt v. Heavey, supra*.

### (a) Pleading Corporation as Defendant

Mann first asserts that the amended petition states a cause of action against Mann personally, but not against the corporation, Mann Custom Homes. The parties agreed at trial that Mann dealt with the Coffeys as an agent of the corporation, and the Coffeys knew of his corporate identity at all relevant times. Mann asserts on appeal that because he was acting as an agent of the corporation, he cannot be held personally liable for any damages and that the Coffeys failed to properly plead the corporation as a defendant to secure a verdict against the corporation.

It is true that a longstanding tenet of the law is that if a contract is made with a known agent acting within the scope of his or her authority for a disclosed principal, the contract is that of the principal only and the agent cannot be held personally liable thereon. *Hecker v. Ravenna Bank*, 237 Neb. 810, 468 N.W.2d 88 (1991); *State Securities Co. v. Svoboda*, 172 Neb. 526, 110 N.W.2d 109 (1961); *Micro/Mini Systems, Inc. v. Boyle*, 4 Neb. App. 841, 552 N.W.2d 302 (1996). It is apparent that the contract in the present case was between the Coffeys and Mann's corporation, Mann Custom Homes. As such, it is true that Mann cannot be held personally liable for any damages for breach of contract. The question then is whether the Coffeys pled their cause of action against the corporation or against Mann personally.

Mann did not raise in any motion or pretrial memorandum that there was an issue concerning the sufficiency of the pleadings to allege a cause of action against the corporation. In both the caption and the body of the amended petition, the Coffeys alleged their causes of action against "DON MANN, d/b/a

Mann Custom Homes, Inc." Additionally, the petition alleged that "Don Mann, d/b/a Mann Custom Homes, Inc., is, a private building construction contractor . . . ." The Coffeys attached a copy of the contract prepared by Mann, which provides that Mann Custom Homes is referred to in the contract as "the Contractor." The court instructed the jury that one of the parties was a corporation.

It is true that the pleadings and the proof must agree in order for a party to receive a judgment. See, *Associated Wrecking v. Wiekhorst Bros.*, 228 Neb. 764, 424 N.W.2d 343 (1988); *One Pacific Place v. H.T.I. Corp.*, 6 Neb. App. 62, 569 N.W.2d 251 (1997). Contrary to Mann's assertions, however, we do not conclude that the Coffeys pled that the contract was with Mann personally but proved that the contract was with the corporation. On the facts of this case, we conclude that the Coffeys adequately pled the existence of the corporation as a defendant and that the contract was entered into with the corporation. The caption and body of the amended petition, in effect, indicated that the suit was brought against Mann doing business as a corporation. As such, we find no error by the trial court in denying Mann's motions for dismissal, directed verdict, or judgment notwithstanding the verdict.

### (b) Written Contract Versus Oral Contract

Mann next asserts that the pleadings and proof in this case did not match because the Coffeys pled the existence of a written contract, while the proof at trial indicated that the parties had an oral contract. As noted above, Mann prepared and presented the Coffeys with a written contract. However, none of the parties signed the contract. Nonetheless, the parties agreed at trial that the writing comprised the terms of their agreement.

We note that the Nebraska Supreme Court has held that in the absence of a statute requiring a signature or an agreement by the parties that a contract shall not be binding until it is signed, signatures of the parties are not essential for establishing a binding contract if manifestation of mutual assent is otherwise shown. *In re Estate of Mathews*, 134 Neb. 607, 279 N.W. 301 (1938). Other jurisdictions have similarly held. *Lynge v. Kunstmann*, 94 Ill. App. 3d 689, 418 N.E.2d 1140 (1981);

*Serv. Emp. Intern., Etc. v. Cedar Rapids, Etc.*, 222 N.W.2d 403 (Iowa 1974); *McInnis v. Southeastern Automatic Sprinkler Co.*, 233 So. 2d 219 (Miss. 1970); *Ikovich v. Silver Bow Motor Co.*, 117 Mont. 268, 157 P.2d 785 (1945). See, also, 17 C.J.S. *Contracts* § 62 (1963). Even if neither party signs a contract, it may still be binding if there has been mutual assent. *Serv. Emp. Intern., Etc. v. Cedar Rapids, Etc., supra.*

The Iowa Supreme Court quoted Corbin on Contracts as follows:

> 1 Corbin on Contracts, section 31, p. 114 states:
>
> "If a written draft of an agreement is prepared, submitted to both parties, and each of them expresses his unconditional assent thereto, there is a written contract. So far as the common law is concerned, the making of a valid contract requires no writing whatever; and even if there is a writing, there need be no signatures unless the parties have made them necessary at the time they express their assent and as a condition modifying that assent."

*Serv. Emp. Intern., Etc. v. Cedar Rapids, Etc.*, 222 N.W.2d at 407-08.

In the present case, the parties do not dispute that the unsigned written contract comprised the terms of their agreement. Mann testified as such. Nonetheless, Mann asserts on appeal that the Coffeys proved at trial that there was an oral contract to follow the terms of the written document and that the proof therefore did not match the pleading of a written contract. We disagree.

The record in this case indicates that both parties expressed mutual assent to the terms of the unsigned written contract through their respective acceptance of benefits. The Coffeys accepted the house built according to the contract, and Mann accepted payment for the work he proceeded to do according to the contract. Additionally, we note that in the answer to the original petition, Mann did not dispute the existence of a written contract, but, rather, alleged that there had not been a breach of "any term or condition of the contract" and that Mann had "fully performed under the contract." Mann did not file an answer to the amended petition.

Mann testified at trial that the unsigned written contract set forth the understanding between the parties and that the house was constructed on the basis of the unsigned written contract. Because the parties unconditionally manifested their assent to the terms of the written contract, although they did not sign it, there was no fatal variance between the pleadings and the proof in this case. A written contract was pled, and a written contract was proved. As such, the district court did not commit error in denying Mann's motions for dismissal, directed verdict, or judgment notwithstanding the verdict on this basis.

### (c) Pleading City Ordinance

Mann asserts in the direct appeal that the Coffeys failed to properly plead the existence and content of the building provisions of the Lincoln Municipal Code. At trial, the Coffeys established, and Mann admitted, that Mann represented to them that the house would be built according to the municipal building code. It was alleged at trial that the municipal building code would have required the use of treated lumber for the sill plate and would have required a more secure construction of the load-bearing wall in the basement. As alleged in the petition, approval of the building plans would have required compliance with these code provisions.

The evidence at trial indicated that the municipal building code did not apply to this property, which was located in a rural area on approximately 160 acres. Nonetheless, Mann testified that he told the Coffeys the house would be built in compliance with the municipal building code, that is, according to the same code as all houses constructed by Mann, and the same code as a house built "on A Street" in Lincoln.

The amended petition alleged that the "City Building Code requires use of treated lumber" and that the "City Building Department would have insured [sic] the plans and specifications of the structure called for treated lumber . . . and would have insured [sic] proper construction of the load bearing wall . . . ." We conclude that the Coffeys adequately pled the existence and general content of the relevant portion of the municipal building code. As such, the district court did not err in fail-

ing to sustain Mann's motions for dismissal, directed verdict, or judgment notwithstanding the verdict.

### (d) Evidence of Violations of Uniform Building Code

Finally, Mann asserts that his motions should have been granted because the Coffeys failed to adduce adequate proof at trial that any provisions of the Uniform Building Code had been violated. According to the evidence at trial, the Lincoln Municipal Code adopted the Uniform Building Code. As noted above, the Coffeys based one of their causes of action on alleged violations of the municipal building code as one way in which Mann allegedly breached the contract. We note that the Coffeys also presented four other causes of action which were not based upon violations of the municipal building code but were based upon Mann allegedly failing to perform in a good, substantial, workmanlike manner.

The Coffeys presented testimony from King Little, a structural engineer. Little testified that at the time of trial, he was under an ongoing contract with the city of Lincoln, reviewing building plans to determine if they complied with the municipal building code. Little opined that the sill plate and the load-bearing wall both failed to comply with certain building code provisions. Little did acknowledge on cross-examination that there were certain qualifying exemptions to the requirement that treated lumber be used for sill plates, although he was not aware of whether any exemptions had been allowed during the time the Coffeys' house was being constructed.

Mann presented the testimony of Gary Sherwood, a former Lincoln building inspector. Sherwood testified that upon his inspection of the Coffeys' house, he saw no violations of the municipal building code. Sherwood did acknowledge on cross-examination, however, that there was a "problem" with the construction even though there were no code violations.

■ Mann asserts on appeal that Sherwood was a more qualified expert to give testimony concerning compliance with the building code and that the trial court should have believed Sherwood's testimony "as a matter of law." Brief for appellant at 16. The weight to be given to expert testimony, and the credibility of witnesses, is a fact question to be decided by the fact

finder at trial. *Toombs v. Driver Mgmt., Inc.*, 248 Neb. 1016, 540 N.W.2d 592 (1995); *Doyle v. Union Ins. Co.*, 202 Neb. 599, 277 N.W.2d 36 (1979). As a result, the district court did not commit error in denying Mann's motions for dismissal, directed verdict, or judgment notwithstanding the verdict on this basis.

## 2. CROSS-APPEAL

In the cross-appeal, the Coffeys assert that the district court should not have granted Mann's alternative motion for a new trial. As noted above, the district court granted the motion because of an error concerning admission of portions of the Uniform Building Code and submission of issues concerning the code to the jury.

The Coffeys acknowledge that the exhibit containing the portions of the code were objectionable and not admissible. The Coffeys assert, however, that Mann made the wrong objection at trial and that Mann should have been deemed to have waived the error. It is true that if a party fails to make a proper objection to evidence, the party is deemed to have waived the right to challenge the admissibility of evidence on appeal. See, *Fales v. Books*, 5 Neb. App. 372, 558 N.W.2d 831 (1997); *State v. Fahlk*, 2 Neb. App. 421, 510 N.W.2d 97 (1993), *rev'd on other grounds* 246 Neb. 834, 524 N.W.2d 39 (1994). However, the decision of whether to grant or deny a motion for new trial is within the discretion of the trial court, and the court's decision in that regard will be upheld on appeal absent an abuse of discretion. *Ray Tucker & Sons v. GTE Directories Sales Corp.*, 253 Neb. 458, 571 N.W.2d 64 (1997); *Jessen v. DeFord*, 3 Neb. App. 940, 536 N.W.2d 68 (1995).

Although it appears that Mann did make the wrong objection at trial, the district court was acting within its discretion in determining that the evidence should not have been admitted and that its erroneous admission and submission to the jury prejudiced the outcome of the trial. We do not find an abuse of discretion on the facts of this case. The cross-appeal is without merit.

## V. CONCLUSION

Finding no merit to Mann's assertions on the direct appeal or to the Coffeys' assertion on the cross-appeal, we affirm.

AFFIRMED.